**FILED**

DEC 1 4 2007

DEC 1 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAMES D. GRAVES,

               Plaintiff,

   v.

CONAGRA FOODS, INC.,

               Defendant.

**07CV7047
JUDGE MORAN
MAG. JUDGE ASHMAN**

**NOTICE OF FILING
NOTICE OF REMOVAL OF CIVIL ACTION**

TO:    Dean J. Caras, Esq.
        Dean J. Caras & Associates
        320 West Illinois Street
        Suite 2216
        Chicago, Illinois 60610

PLEASE TAKE NOTICE that there was filed on the 14th day of December, 2007 with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant ConAgra Foods, Inc.'s Notice of Removal of Civil Action, a true copy of which was served upon you and filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division.

               CONAGRA FOODS, INC.

               By: _____
                    One of its Attorneys

Cara M. Houck
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 Fax
chouck@mcguirewoods.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES D. GRAVES,

Plaintiff,

v.

CONAGRA FOODS, INC.,

Defendant.

07CV7047
JUDGE MORAN
MAG. JUDGE ASHMAN

FILED

DEC 1 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DEFENDANT'S NOTICE OF REMOVAL**

TO:    The United States District Court
       for the Northern District of Illinois
       Eastern Division

Defendant-Petitioner, ConAgra Foods, Inc. ("ConAgra"), by counsel, and pursuant to 28

U.S.C. §§ 1332, 1441 and 1446, hereby files its Notice of Removal and notifies this Court that it

is removing the above-captioned action currently pending in the Circuit Court of Cook County,

Illinois, County Department, Law Division, to the United States District Court for the Northern

District of Illinois, Eastern Division.  In support of this Notice of Removal, ConAgra states as

follows:

       1.     Plaintiff James D. Graves filed a Complaint against Defendant in the Circuit

Court of Cook County, Illinois, County Department, Law Division on November 2, 2007.  This

case is styled: *James D. Graves v. ConAgra Foods, Inc.*, Case No. 2007 L 012433.

       2.     ConAgra's agent for service of process was served with Plaintiff's Complaint on

November 16, 2007.  Thus, ConAgra's Notice of Removal is being filed with this Court within

thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

       3.     All papers served in state court including the summons and complaint and answer

are attached hereto and identified collectively as Exhibits A and B.

4.     In accordance with 28 U.S.C. § 1446(d), ConAgra has given contemporaneous written notice of this Notice of Removal to all adverse parties and the clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division. *See* Notice of Filing of Notice of Removal, attached hereto as Exhibit C.

## DIVERSITY OF CITIZENSHIP

5.     Diversity jurisdiction exists under 28 U.S.C. § 1332 because Plaintiff is a citizen and resident of the state of Illinois. Conversely, ConAgra is not a citizen of Illinois. ConAgra is a corporation organized under the laws of the State of Delaware with its corporate headquarters and principal place of business in the state of Nebraska. Therefore, ConAgra is a citizen of Nebraska and Delaware for purposes of determining diversity jurisdiction. Diversity jurisdiction exists because ConAgra and Plaintiff are citizens of different states.

6.     Accordingly, complete diversity of citizenship existed between Plaintiff and ConAgra at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

7.     Venue is proper because ConAgra is removing this case to the federal district court embracing the place where the state court action was filed, as required by 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

8.     In the Complaint, Plaintiff seeks an unspecified amount of damages for illness allegedly caused by Plaintiff's ingestion of Peter Pan peanut butter. *See* Plaintiff's Complaint, ¶¶ 8-9. Plaintiff's Complaint further alleges that Plaintiff "suffered from stomach pain, diarrhea, vomiting, dehydration, and loss of consciousness." Id., ¶ 8. He also alleges that he "became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a

2

long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss." Id., ¶ 19.

9.      Plaintiff does not seek a specific amount of damages in his Complaint. See id., Prayer for Relief. However, a defendant may remove a suit to a federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. Where, as here, a plaintiff alleges no specific amount of damages in the complaint, a removing defendant must set forth facts in the notice of removal to show that the amount in controversy exceeds $75,000. See Oshana v. Coca-Cola Co., 472 F.3d 506, 512 (7th Cir. 2006). Stated another way, the removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. See id.

10.      A review of Plaintiff's Complaint reveals that Plaintiff seeks more than $75,000, exclusive of interest and costs. Plaintiff seeks to recover damages for serious personal injury when he became ill and "suffered from stomach pain, diarrhea, vomiting, dehydration, and loss of consciousness" and "became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss" after ingesting peanut butter purportedly manufactured by ConAgra. See Plaintiff's Complaint, ¶¶ 8, 19.

11.      Since Plaintiff is seeking general and special damages for serious illness, past medical treatment, losses including medical expenses, lost wages, mental anguish and pain and suffering, it is apparent that the damages claimed by Plaintiff, if proven, will likely exceed $75,000. See Plaintiff's Complaint, ¶¶ 8-9, 19.

3

12.     Moreover, a reasonable and good faith estimate of the amount of damages recoverable by Plaintiff exceeds $75,000 when compared to other similar cases. The case of Van Hozenbrouk v. Kroger Co. is illustrative of the potential size of the claims being asserted here. 1995 WL 725780, JVR No. 164022 (Cir. Ct. Mich. April, 1995). In Van Hozenbrouk, a jury awarded a verdict in favor of a sixty-six year-old man who suffered from Salmonella food poisoning after consuming shrimp eggrolls from a Kroger grocery store. *See* id. The jury awarded the plaintiff $118,280 in damages. *See* id.

13.     Van Hozenbrouk is hardly the only example of a damages award over the jurisdictional amount in food poisoning case. Indeed, a quick search of verdicts, settlements, and arbitration/mediation awards nationwide reveals eight cases where $100,000 or more was awarded per plaintiff, and two claimants sickened by salmonella recovered more than $1 million.[1] Some of these awards date back almost two decades, and in present-value dollars, they would be even more.

14.     In other complaints recently filed in other jurisdictions arising from facts that are virtually identical to those of this case and containing similar allegations regarding damages for individuals, plaintiffs have averred damages well above the jurisdictional amount.[2]

---

[1] See Paylounis v. L&B Spumoni Gardens, 2002 WL 31887106 (N.Y. Sup. Ct. July 8, 2002) ($220,000); Anonymous 32 Year Old Single Male v. Anonymous Restaurant, 2002 WL 1870399, JAS VA Ref. No. 400028WL (Va. Cir. Ct. Feb. 2, 2002) ($4,000,000); Doe v. Boll Weevil, Inc., 1999 WL 33498557 (Calif. Super. Ct. July 22, 1999) ($231,147); McVeigh v. Defendant, 1997 WL 33345708, 12 Nat. J.V.R.A. 5:17 (Camden County, N.J., May 6, 1997) ($180,000); Van Hozenbrouk v. Kroger Co., 1995 WL 725780 (Mich. Cir. Ct., April 1995) ($118,280); Fortin v. Victory Supermarket, 1993 WL 1466123, JAS MA Ref. No. 92295WL (Mass. Super. Ct. June 3, 1993) ($1.1 million); Santos v. Gerard & Aramig Corp., 1990 WL 482610, JVR No. 79,277 (N.Y. Sup. Ct. June 1990) ($100,000 to plaintiff; $25,000 to spouse for loss of service); Plaintiff v. Defendant, 1986 WL 454072, JVR No. 18,213 (Mass. Super. Ct. 1986) ($100,000).

[2] Mark Avalone, et al. v. ConAgra Foods, Inc., Case No. 6:07-CV-06084-CJS, filed in the United States District Court for the Western District of New York; Annie Blackwell v. ConAgra Foods, Inc., Case No. 07-00529, filed in the United States District Court for the District of South Carolina; Jacqueline Blasengame, et al. v. ConAgra Foods, Inc., Case No. 4:07-cv-00074-HLM, filed in the United States District Court for the Northern District of Georgia; Brian F. Bornhofer, et al. v. ConAgra Foods, Inc., Case No. 1:07-CV-00581, filed in the United States District Court for the Eastern District of Wisconsin; Krystina Brugh et, al. v. ConAgra Foods, Inc., Case No. 2:07-CV-00192-WL, filed in the United States District Court for the Northern District of Indiana; Brian Cox, et al. v. ConAgra Foods,

4

15.    Indeed, in five cases containing similar allegations regarding damages, including one involving class allegations, five United States District Courts have denied remand. William Hart v. ConAgra Foods, Inc., Case No. 1:07-cv-0395-JDT-WTL (Order attached as Exhibit D1) (holding that in class action complaint, amount in controversy for purported putative class exceeded $5,000,000); Darren Ambrozich v. ConAgra Foods, Inc., Case No. 7:07-cv-00106-GFVT (Order attached as Exhibit D2) (holding "because this case is substantially similar to other pending food poisoning cases and because those other cases meet the amount in controversy requirement, it is likely that this case meets the amount in controversy requirement"); Wendy Mauro v. ConAgra Foods, Inc., Case No. 2:07CV104-P-A (Order attached as Exhibit D3) (finding remand inappropriate because plaintiff sought punitive damages and used "language indicating serious injuries that more often than not would result in damages in excess of $75,000.00 in Mississippi, including her claims to have 'suffered extreme physical injury, emotional distress, [and] economic losses...'"); Brenda Baker v. ConAgra Foods, Inc., Civil Action No. 1:07-CV-1313 TWT (Order attached as Exhibit D4) ("At the time of removal, it was

Inc., Case No. 07-6027-CV-S-HFS, filed in the United States District Court for the Western District of Missouri; Larry Deason, et al. v. ConAgra Foods, Inc., Case No. 7:07-CV-00673-SLB, filed in the United States District Court for the Northern District of Alabama; Pamela Gateley v. ConAgra Foods, Inc., Case No. 2:07CV35-P-A, filed in the United States District Court for the Northern District of Mississippi; James Green v. ConAgra Foods, Inc., Case No. 3:07-CV-00269, filed in the United States District Court for the Southern District of Texas; Nicholas Griffin, et al. v. ConAgra Foods, Inc., Case No. 4:07-CV-00100-HLM, filed in the United States District Court for the Northern District of Georgia; Jamie S. Jeffords v. ConAgra Foods, Inc., Case No. 4:07-CV-00530-CMC, filed in the United States District Court for the District of South Carolina; Ezekiel Kollar, et al. v. ConAgra Foods Retail Products Co. and Grocery Foods Group, Case No. 1:07-CV-00130, filed in the United States District Court for the Western District of New York; John Livingston, et al. v. Wal-Mart Stores, Inc. and ConAgra Foods, Inc., Case No. 3:07-CV-00323, filed in the United States District Court for the Western District of Louisiana; Glenn Manion et, al. v. ConAgra Foods, Inc., Case No. 4:07-CV-01122, filed in the United States District Court for the Eastern District of Missouri; Roberta Pelt, et al. v. ConAgra Foods, Inc., et al., Case No. CV-07-B-0592-S, filed in the United States District Court for the Northern District of Alabama; Brenda Porreca, et al. v. ConAgra Foods, Inc., Case No. 2"07-CV-02184, filed in the United States District Court for the Eastern District of Pennsylvania; Thomas B. Price, et al. v. ConAgra Foods, Inc., Case No. 3:07-CV-00536-CMC, filed in the United States District Court for the District of South Carolina; Eric Smith et, al. v. ConAgra Foods, Inc., Case No. 3:07-CV-00536-CMC, filed in the United States District Court for the Northern District of Texas; Jennifer Standard et, al. v. ConAgra Foods, Inc., Case No. 3:07-CV-00936-M, filed in the United States District Court for the Northern District of Texas; Cynthia Woodlee, et al. v. ConAgra Foods, Inc., Case No. 4:07-CV-00015, filed in the United States District Court for the Eastern District of Tennessee.

more than likely that the Plaintiff's claim equaled or exceeded the jurisdictional amount");
Harold Stringer, et al. v. ConAgra Foods, Inc., Case No. 07-12028 (Order attached as Exhibit
D5) (denying plaintiff's motion for remand).

16.     Based on the foregoing, ConAgra has met its burden of showing that the amount
in controversy exceeds the jurisdictional amount in controversy requirement.

17.     In sum, because there is complete diversity of citizenship between Plaintiff and
ConAgra, and because Plaintiff is seeking damages in excess of the $75,000 jurisdictional
threshold, ConAgra may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b). This
action is one over which the United States District Courts have original jurisdiction by reason of
the diversity of citizenship of the parties. Furthermore, this notice of removal is timely as it is
being filed less than thirty (30) days after ConAgra was served with Plaintiff's Complaint.

WHEREFORE, Defendant ConAgra Foods, Inc. respectfully requests that the above-
captioned action now pending in the Circuit Court of Cook County, Illinois, County Department,
Law Division, be removed to the District Court for the Northern District of Illinois, Eastern
Division, and that said District Court assume jurisdiction of this action and enter such other and
further orders as may be necessary to accomplish the requested removal and promote the ends of
justice.

Dated:  December 14, 2007                       CONAGRA FOODS, INC.

                                                By: _____Cara M. Houck_____
                                                    One of its Attorneys

Cara M. Houck
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 Fax
chouck@mcguirewoods.com

6

EXHIBIT

A



**CSC.**

CORPORATION SERVICE COMPANY®

NOV 2 0 2007

# Notice of Service of Process

AL2 / ALL
Transmittal Number: 5447284
Date Processed: 11/19/2007

Primary Contact:     Leo A. Knowles, 1-370
                     Conagra Foods, Inc.
                     One Conagra Drive
                     Omaha, NE 68102-5001

Copy of transmittal only provided to:     Sherry Benton 1-370

| | |
|---|---|
| Entity: | ConAgra Foods, Inc.<br>Entity ID Number 0246636 |
| Entity Served: | ConAgra Foods, Inc. |
| Title of Action: | James D. Graves vs. ConAgra Foods, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 2007L012433 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 11/16/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Dean J. Caras<br>312-494-1500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | CCG N001-10M-1-07-05 ( ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, **LAW** _____ DIVISION

(Name all parties)

JAMES D. GRAVES

v.

CONAGRA FOODS, INC., a Delaware Corporation

No. **2007L012433
CALENDAR/ROOM 8
TIME 00:00
Product Liability**

Please serve R/A: Prentice Hall Corp.,
33 N. LaSalle St, Chicago, IL 60602

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and *required to file an answer to the complaint in this case, a copy of which is* hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **801** _____ Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

NOV 6 & 2006

Atty. No.: 16980

Name: Dean J. Caras

Atty. for: Plaintiff

Address: 320 W. Illinois Street, Suite 2216

City/State/Zip: Chicago, Illinois 60610

Telephone: (312) 494-1500

Service by Facsimile Transmission will be accepted at:

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| 21.: - Served | 2121    Served | |
| 2230 - Not Served | 2221 - Not Served | |
| 3320 - Served By Mail | 3321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (                 ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

JAMES D. GRAVES

v.

CONAGRA FOODS, INC., a Delaware Corporation

2007L012433
CALENDAR/ROOM B
TIME 00:00
Product Liability

No. _____

Please serve R/A: Prentice Hall Corp.,
33 N. LaSalle St, Chicago, IL 60602

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _801_____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| | |
|---|---|
| Atty. No.: 16980 | WITNESS,_____ 2007 |
| Name: Dean J. Caras | |
| Atty. for: Plaintiff | |
| Address: 320 W. Illinois Street, Suite 2216 | _____ Clerk of Court |
| City/State/Zip: Chicago, Illinois 60610 | Date of service: _____ |
| Telephone: (312) 494-1500 | (To be inserted by officer on copy left with defendant or other person) |
| Service by Facsimile Transmission will be accepted at: _____ | (Area Code)  (Facsimile Telephone Number) |

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Attorney No. 16980

STATE OF ILLINOIS    )
                        )   SS

COUNTY OF COOK    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JAMES D. GRAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2007L012433 |
| vs. | ) Case No. | CALENDAR/ROOM B |
| | ) | TIME 00:00 |
| CONAGRA FOODS, INC., a Delaware | ) | Product Liability |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, JAMES D. GRAVES, by and through his attorney, Dean J.

Caras, and complaining of the defendant, CONAGRA FOODS, INC., states as follows:

1.    At all times as relevant herein, the Plaintiff, JAMES D. GRAVES, was a resident of

    Calumet City, in the County of Cook and State of Illinois.

2.    At all times as relevant herein, the Defendant, CONAGRA FOODS, INC., was a

    company engaged in the business of manufacturing peanut butter and other foodsstuffs, as

    well as distributing and selling said products in and around the County of Cook and State

    of Illinois:

3.    At all times as relevant herein, the peanut butter manufactured and sold by the Defendant

    included a brand of peanut butter known as "Peter Pan Peanut Butter" which was sold by

    Defendant to various grocery stores located in and around the County of Cook and State

of Illinois, including a Wal-Mart located at 16771 Torrence Avenue, Lansing, Illinois.

4.  On or around February 10, 2007, Plaintiff purchased a jar of peanut butter form the Wal-Mart store located in Lansing, Illinois with a product code beginning 2111.

5.  Peter Pan peanut butter is packaged and sold to the consumer in a sealed container.

6.  On February 10, 2007, Plaintiff consumed two peanut butter sandwiches, made from the aforementioned Peter Pan Peanut Butter he purchased at the Wal-Mart located in Lansing, Illinois.

7.  Upon opening the jar of peanut butter used to make the sandwiches, removing the protective seal at the top of the jar, inspecting the untouched product, spreading the peanut butter onto pieces of bread, and eating the sandwiches, Plaintiff found the peanut butter to be normal in terms of its smell, appearance, texture, and taste.

8.  During the early morning hours of February 11, 2007, Plaintiff became violently ill suffering from stomach pain, diarrhea, vomiting, dehydration, and loss of consciousness.

9.  During the evening on February 11, 2007, Plaintiff was taken by ambulance to the Emergency Room at St. Margaret Mercy North where he was admitted for observation, and released February 12, 2007.

10. On February 14, 2007, the United States Food and Drug Administration ("the FDA") issued a public advisory that consumers should not eat Peter Pan peanut butter purchased since May 2006, or marked with a serial number beginning with "2111." Also included in the warning were jars of Great Value peanut butter, a generic brand manufactured in the same plant as Peter Pan peanut butter which were labeled with a serial number beginning in "2111."

11. The advisory was issued on account of the "risk of contamination with Salmonella

Tennessee." Specifically, based on an "epidemiological study by the Centers for Disease Control and Prevention ['the CDC'], the states local health agencies, which links 288 cases of foodborne illness in 39 states to consumption of varying types of Peter Pan peanut butter. This report was provided to FDA on February 13."

12.   The Illinois Department of Public Health issued a similar advisory to consumers on February 15, 2007. In that advisory, Dr. Eric Whitaker, the state public health director, stated that five individuals in Illinois had consumed the same strain of salmonella as was found in Peter Pan peanut butter.

13.   On February 14, 2007 defendant CONAGRA FOODS issued a recall of Peter Pan and Great Value peanut butter jars with "2111" serial numbers.

14.   On March 1, 2007, the FDA issued a follow-up report, stating that:

   a.   an investigation of the ConAgra processing plant in Sylvester, Georgia was under way;

   b.   "samples collected by the FDA revealed the presence of salmonella" in the plant;

   c.   "tests by several states identified salmonella in many open jars of Peter Pan peanut butter recovered from consumers;" and

   d.   "the salmonella found in the plant and in the open jars matched the outbreak strain recovered from consumers who became ill."

### COUNT I- NEGLIGENCE

15.   Plaintiff incorporates paragraphs 1-14 by reference.

16.   Defendant placed Peter Pan peanut butter into the steam of commerce for the purpose of consumption of the peanut butter by consumers.

17.   Defendant had a duty to exercise reasonable care in all aspects of the manufacture,

testing, quality assurance, and quality control of the aforesaid product so as to ensure the safety of the peanut butter for consumption.

18.    Defendant was negligent in the manufacture, testing, quality assurance, and quality control of Peter Pan peanut butter in the following particulars, to wit:

a.    Failing to use due care in the manufacture of the peanut butter so as to avoid illness to its consumers, in particular the Plaintiff herein, when such product was consumed in a manner in which it was intended;

b.    Failing to adequately test the aforesaid product for salmonella contamination, so as to avoid illness to its consumers, in particular the Plaintiff herein, when such product was consumed in a manner in which it was intended;

c.    Failing to adequately implement procedures to assure the quality of the aforesaid product, so as to avoid illness to its consumers, in particular the Plaintiff herein, when such product was consumed in a manner in which it was intended;

d.    Failing to adequately implement quality control procedures to assure that the aforesaid product would not be contaminated with salmonella, so as to avoid illness to its consumers, in particular the Plaintiff herein, when the peanut butter was consumed in a manner in which it was intended; and

e.    In such other and further particulars as will be proven at trial.

19.    That as a direct and proximate result of the defendant's negligence in placing peanut butter contaminated with Salmonella into the stream of commerce, the Plaintiff, JAMES GRAVES, was then and there caused to sustain great injury in that he became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for

a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss.

WHEREFORE, Plaintiff requests that the Court enter judgment in the favor of Plaintiff and against the defendant for appropriate compensatory damages to the plaintiff, costs, and such other or further relief as the Court deems appropriate.

## COUNT II- BREACH OF IMPLIED WARRANTY

20.    Plaintiff incorporates paragraphs 1-19 by reference.

21.    Peter Pan peanut butter is a product that is intended for human consumption, the peanut butter is packaged and then sold to the consumer in a sealed container.

22.    When Plaintiff purchased the aforesaid product, the container of peanut butter was sealed, in tact, and remained in tact until the time Plaintiff opened the peanut butter container, and removed the seal, to prepare the aforementioned peanut butter sandwiches.

23.    Plaintiff consumed the Peter Pan peanut butter in the manner in which it was intended by the manufacturer.

24.    The peanut butter was not fit for human consumption as it was contaminated with Salmonella at the manufacturing plant.

25.    That as a direct and proximate result of the defendant's breach of the implied warranty that the peanut butter was safe for human consumption, the Plaintiff, JAMES GRAVES, was then and there caused to sustain great injury in that he became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money

for medical care and treatment, as well as incurring other expenses, including wage loss.

WHEREFORE, Plaintiff requests that the Court enter judgment in the favor of Plaintiff and against the defendant for appropriate compensatory damages to the plaintiff, attorney's fees, litigation expenses and costs, and such other or further relief as the Court deems appropriate.

## COUNT III- STRICT PRODUCTS LIABILITY

26. Plaintiff incorporates paragraphs 1-25 by reference.

27. Peter Pan peanut butter is intended by the manufacture to be used for human consumption.

28. The peanut butter was defective and not fit for human consumption when it left the control of the manufacturing plant, as it was tainted with salmonella at the aforesaid plant.

29. Peter Pan peanut butter is packaged in a sealed container.

30. The seal on the aforementioned peanut butter jar was not broken until immediately before it was consumed by the plaintiff.

31. That as a direct and proximate result of the defective condition of the Peter Pan peanut butter, the Plaintiff, JAMES GRAVES, was then and there caused to sustain great injury in that he became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss.

WHEREFORE, Plaintiff requests that the Court enter judgment in the favor of Plaintiff and against the defendant for appropriate compensatory damages to the plaintiff, attorney's fees, litigation expenses and costs, and such other or further relief as the Court deems appropriate.

_____
Dean J. Caras

Dean J. Caras & Associates
320 W. Illinois Street
Suite 2216
Chicago, IL 60610
(312) 494-1500
Attorney No. 16980

EXHIBIT
B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JAMES D. GRAVES,

               Plaintiff,

    v.

               Case No. 2007 L 012433

CONAGRA FOODS, INC.,

               Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

ConAgra Foods, Inc., by its undersigned attorneys, answers Plaintiff's Complaint as follows:

1.    At all times as relevant herein, the Plaintiff, JAMES D. GRAVES, was a resident of Calumet City, in the County of Cook and State of Illinois.

**ANSWER:**    ConAgra is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2.    At all times as relevant herein, the Defendant, CONGAGRA (sic) FOODS, INC., was a company engaged in the business of manufacturing peanut butter and other foodstuffs, as well as distributing and selling said products in and around the County of Cook and State of Illinois.

**ANSWER:**    ConAgra admits that it is a company engaged in the business of manufacturing peanut butter and certain other food products that are distributed for sale nationwide, including in Illinois.  ConAgra denies all remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    At all times as relevant herein, the peanut butter manufactured and sold by the Defendant included a brand of peanut butter known as "Peter Pan Peanut Butter" which was sold

by Defendant to various grocery stores located in and around the County of Cook and State of Illinois, including a Wal-Mart located at 16771 Torrence Avenue Lansing, Illinois.

**ANSWER:**    ConAgra admits that it manufactures Peter Pan brand peanut butter for sale nationwide, including for sale to certain Wal-Mart stores located in Illinois. ConAgra denies all remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    On or around February 10, 2007, Plaintiff purchased a jar of peanut butter form

(sic) the Wal-Mart store located in Lansing, Illinois with a product code beginning 2111.

**ANSWER:**    ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, denies the same. ConAgra specifically denies that the numbers "2111" refer to any lot or batch.

5.    Peter Pan peanut butter is packaged and sold to the consumer in a sealed

container.

**ANSWER:**    ConAgra admits that it manufactures Peter Pan peanut butter in a sealed container for distribution. ConAgra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and, therefore, denies them.

6.    On February 10, 2007, Plaintiff consumed two peanut butter sandwiches, made

from the aforementioned Peter Pan Peanut Butter he purchased at the Wal-Mart located in

Lansing, Illinois.

**ANSWER:**    ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7.    Upon opening the jar of peanut butter used to make the sandwiches, removing the

protective seal at the top of the jar, inspecting the untouched product, spreading the peanut butter

onto pieces of bread, and eating the sandwiches, Plaintiff found the peanut butter to be normal in

terms of its smell, appearance, texture, and taste.

2

**ANSWER:**    ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8.    During the early morning hours of February 11, 2007, Plaintiff became violently ill suffering from stomach pain, diarrhea, vomiting, dehydration, and loss of consciousness.

**ANSWER:**    ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.    During the evening on February 11, 2007, Plaintiff was taken by ambulance to the Emergency Room at St. Margaret Mercy North where he was admitted for observation, and released February 12, 2007.

**ANSWER:**    ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10.    On February 14, 2007, the United States Food and Drug Administration ("the FDA") issued a public advisory that consumers should not eat Peter Pan peanut butter purchased since May 2006, or marked with a serial number beginning with "2111." Also included in the warning were jars of Great Value peanut butter, a generic brand manufactured in the same plant as Peter Pan peanut butter which were labeled with a serial number beginning in "2111."

**ANSWER:**    ConAgra admits that the Food and Drug Administration issued a release on February 14, 2007, the specific terms of which are evident in the release. ConAgra denies that the allegations of paragraph 10 accurately and comprehensively restate the terms of that release and denies all allegations contained in paragraph 10 that are inconsistent with that release.

11.    The advisory was issued on account of the "risk of contamination with Salmonella Tennessee." Specifically, based on an "epidemiological study by the Centers for Disease Control and Prevention ['the CDC'], the states local health agencies, which links 288 cases of

3

foodborne illness in 39 states to consumption of varying types of Peter Pan peanut butter. This

report was provided to FDA on February 13."

**ANSWER:**    ConAgra admits that the Food and Drug Administration issued a release on
February 14, 2007, the specific terms of which are evident in the release.
ConAgra denies that the allegations of paragraph 11 accurately and
comprehensively restate the terms of that release and denies all allegations
contained in paragraph 11 that are inconsistent with that release.

12.    The Illinois Department of Public Health issued a similar advisory to consumers

on February 15, 2007. In that advisory, Dr. Eric Whitaker, the state public health director, stated

that five individuals in Illinois had consumed the same strain of salmonella as was found in Peter

Pan peanut butter.

**ANSWER:**    ConAgra admits that the Illinois Department of Public Health issued a News
Release on February 15, 2007, the specific terms of which are evident in the
release. ConAgra denies that the allegations of Paragraph 12 accurately and
comprehensively restate the terms of that News Release, and therefore denies the
allegations contained in Paragraph 12 that are inconsistent with the News Release.

13.    On February 14, 2007 defendant CONAGRA FOODS issued a recall of Peter Pan

and Great Value peanut butter jars with "2111" serial numbers.

**ANSWER:**    ConAgra admits that it issued a release on February 14, 2007, voluntarily
recalling all varieties of Peter Pan peanut butter and Great Value peanut butter
beginning with the product code 2111. ConAgra denies that the allegations of
paragraph 13 accurately and comprehensively restate the terms of that release and
denies all allegations contained in paragraph 13 that are inconsistent with that
release.

14.    On March 1, 2007, the FDA issued a follow-up report, stating that:

    (a)    an investigation of the ConAgra processing plant in Sylvester, Georgia

        was under way,

    (b)    "samples collected by the FDA revealed the presence of salmonella" in the

        plant;

(c)    "tests by several states identified salmonella in many open jars of Peter Pan peanut butter recovered from consumers;" and

(d)    "the salmonella found in the plant and in the open jars matched the outbreak strain recovered from consumers who became ill."

**ANSWER:**    ConAgra admits that the FDA issued a release on March 1, 2007, the specific terms of which are evident in the release. ConAgra denies that the allegations of Paragraph 14 and its subparts a through d accurately and comprehensively restate the terms of the release, and therefore denies the allegations contained in Paragraph 14 and its subparts a through d that are inconsistent with the release.

## COUNT I – NEGLIGENCE

15.    Plaintiff incorporates paragraphs 1-14 by reference.

**ANSWER:**    ConAgra hereby incorporates by reference its answers to paragraphs 1–14 above.

16.    Defendant placed Peter Pan peanut butter into the steam (sic) of commerce for the purpose of consumption of the peanut butter by consumers.

**ANSWER:**    ConAgra admits the allegations contained in paragraph 16.

17.    Defendant had a duty to exercise reasonable care in all aspects of the manufacture, testing, quality assurance, and quality control of the aforesaid product so as to ensure the safety of the peanut butter for consumption.

**ANSWER:**    The allegations of paragraph 17 state conclusions of law to which no response is required. To the extent that a response is required, ConAgra denies the same.

18.    Defendant was negligent in the manufacture, testing, quality assurance, and quality control of Peter Pan peanut butter in the following particulars, to wit:

(a)    Failing to use due care in the manufacture of the peanut butter so as to avoid illness to its consumers, in particular the Plaintiff herein, when such product was consumed in a manner in which it was intended;

5

(b)     Failing to adequately test the aforesaid product for salmonella contamination, so as to avoid illness to its consumers, in particular the Plaintiff herein, when such product was consumed in a manner in which it was intended;

(c)     Failing to adequately implement procedures to assure the quality of the aforesaid product, so as to avoid illness to its consumers, in particular the Plaintiff herein, when such product was consumed in a manner in which it was intended;

(d)     Failing to adequately implement quality control procedures to assure that the aforesaid product would not be contaminated with salmonella, so as to avoid illness to its consumers, in particular the Plaintiff herein, when the peanut butter was consumed in a manner in which it was intended; and

(e)     In such other and further particulars as will be proven at trial.

**ANSWER:**     ConAgra denies each and every allegation of this paragraph, including its subparts (a) through (e).

19.     That as a direct and proximate result of the defendant's negligence in placing peanut butter contaminated with Salmonella into the stream of commerce, the Plaintiff JAMES GRAVES, was then and there caused to sustain great injury in that he became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss.

**ANSWER:**     ConAgra denies the allegations contained in paragraph 19. ConAgra specifically denies that Plaintiff is entitled to damages or any other relief whatsoever.

6

ConAgra denies that Plaintiff is entitled to any relief specified in the "WHEREFORE" clause following Paragraph 19 or any other relief whatsoever. Any and all allegations not admitted specifically herein are denied.

## COUNT II – BREACH OF IMPLIED WARRANTY

20.     Plaintiff incorporates paragraphs 1-19 by reference.

**ANSWER:**     ConAgra hereby incorporates by reference its answers to paragraphs 1–19 above.

21.     Peter Pan peanut butter is a product that is intended for human consumption, the peanut butter is packaged and then sold to the consumer in a sealed container.

**ANSWER:**     ConAgra admits that Peter Pan peanut butter is manufactured for human consumption and that after it is manufactured, it is placed in a sealed container. ConAgra is without sufficient information to admit or deny the remaining allegations contained in paragraph 21 and, therefore, denies them.

22.     When Plaintiff purchased the aforesaid product, the container of peanut butter was sealed, in tact (sic), and remained in tact (sic) until the time Plaintiff opened the peanut butter container, and removed the seal, to prepare the aforementioned peanut butter sandwiches.

**ANSWER:**     ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23.     Plaintiff consumed the Peter Pan peanut butter in the manner in which it was intended by the manufacturer.

**ANSWER:**     ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24.     The peanut butter was not fit for human consumption as it was contaminated with Salmonella at the manufacturing plant.

7

**ANSWER:**    ConAgra denies the allegations contained in paragraph 24.  ConAgra specifically denies that the peanut butter was "contaminated."

25.    That as a direct and proximate result of the defendant's breach of the implied warranty that the peanut butter was safe for human consumption, the Plaintiff, JAMES GRAVES, was then and there caused to sustain great injury in that he became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss.

**ANSWER:**    ConAgra denies the allegations contained in paragraph 25.  ConAgra specifically denies that Plaintiff is entitled to damages or any other relief whatsoever.

ConAgra denies that Plaintiff is entitled to any relief specified in the "WHEREFORE" clause following Paragraph 25 or any other relief whatsoever.  Any and all allegations not admitted specifically herein are denied.

## COUNT III – STRICT PRODUCTS LIABILITY

26.    Plaintiff incorporates paragraphs 1-25 by reference.

**ANSWER:**    ConAgra hereby incorporates by reference its answers to paragraphs 1–25 above.

27.    Peter Pan peanut butter is intended by the manufacture to be used for human consumption.

**ANSWER:**    ConAgra admits the allegations contained in paragraph 27.

28.    The peanut butter was defective and not fit for human consumption when it left the control of the manufacturing plant, as it was tainted with salmonella at the aforesaid plant.

**ANSWER:** ConAgra denies the allegations contained in paragraph 28. ConAgra specifically denies that the peanut butter was "defective," "not fit for human consumption" or "tainted."

29. Peter Pan peanut butter is packaged in a sealed container.

**ANSWER:** ConAgra admits the allegations contained in paragraph 29.

30. The seal on the aforementioned peanut butter jar was not broken until immediately before it was consumed by the plaintiff.

**ANSWER:** ConAgra is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint and, therefore, denies the same.

31. That as a direct and proximate result of the defective condition of the Peter Pan peanut butter, the Plaintiff, JAMES GRAVES, was then and there caused to sustain great injury in that he became extremely ill; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment as well as incurring other expenses, including wage loss.

**ANSWER:** ConAgra denies the allegations contained in paragraph 31. ConAgra specifically denies that Plaintiff is entitled to damages or any other relief whatsoever.

ConAgra denies that Plaintiff is entitled to any relief specified in the "WHEREFORE" clause following Paragraph 31 or any other relief whatsoever. Any and all allegations not admitted specifically herein are denied.

## AFFIRMATIVE DEFENSES

Defendant ConAgra Foods, Inc., by counsel, reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by

evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its responses to Plaintiff's Complaint, as well as its affirmative defenses, as information is gathered through discovery:

1.      Plaintiff's cause of action fails in whole or part to state a claim upon which relief can be granted.

2.      Plaintiff's complaint is pre-empted by applicable state or federal laws.

3.      ConAgra denies that Plaintiff was injured to the extent alleged and calls for strict proof thereof.

4.      Plaintiff's illnesses, if any, were the result of natural health processes and would have occurred just as they did irrespective of ConAgra's actions or conduct.

5.      Plaintiff's alleged injuries were caused by the act or omission of an individual or entity over whom or which ConAgra exercised no control.

6.      Plaintiff's alleged injuries were caused by an intervening or superseding cause.

7.      Plaintiff's alleged damages were the result, in part, of pre-existing injuries or conditions.

8.      The negligence of others, over whom ConAgra exercises no control, was a, or the sole, proximate cause of Plaintiff's alleged injuries.

9.      The negligence of Plaintiff and his failure to use that degree of care as would have been used by ordinary, reasonable, and prudent persons under the same or similar circumstances was a, or the sole, proximate cause of his injuries.

10.     Defendant's product conformed to the state of the art for the design and manufacture of similar products at all times relevant to this litigation.

11.    Defendant's product was not unreasonably dangerous.

12.    To the extent Plaintiff's negligence in one or more ways stated exceeds Fifty Percent (50%), the Plaintiff is barred from any recovery from Defendant. Alternatively, if Plaintiff's comparative negligence is Fifty Percent (50%) or less of the combined fault of all tortfeasors, the Plaintiff's recovery must be reduced by his own percentage of fault.  735 ILCS 5/1116.

13.    Some or all of Plaintiff's claims are not properly before this Court because of the doctrine of primary jurisdiction.  This Court should abstain and defer to the jurisdiction of public agencies, including but not limited to, the U.S. Food and Drug Administration and applicable state agencies.

14.    At all material times, Defendant acted with due care and complied with applicable statutory, regulatory, and common law requirements.  Accordingly, some or all of the Plaintiff's claims are or may be barred by Defendant's compliance with all applicable state, federal, and local laws and regulations.

15.    Plaintiff is estopped to pursue further relief in this action against Defendant to the extent the Plaintiff proceeds with prosecution of any other class, consolidated or individual action in any jurisdiction against Defendant, including, but not limited to, those certain actions instituted prior or subsequent to this action.

16.    Any claim advanced as a warranty claim for which the Plaintiff failed to give ConAgra timely and reasonable notice as required by law is barred.

17.    Defendant reserves the right to raise any additional defenses as may be revealed by discovery or investigation in this matter.

WHEREFORE, ConAgra Foods, Inc. respectfully requests that Plaintiff's Complaint be dismissed in its entirety, on the merits, and with prejudice; that Plaintiff be denied the relief from Defendant which he has requested in his Complaint; that ConAgra be awarded its reasonable attorneys' fees and costs incurred in defending against this matter; and any other relief this Honorable Court deems just and equitable.

CONAGRA FOODS, INC.

By: _Cara M Houck_
One of its Attorneys

Cara M. Houck
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 Fax
chouck@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Defendant's Answer and Affirmative Defenses was served by

first-class U.S. Mail, postage prepaid, on the 14th day of December 2007, upon:

Dean J. Caras, Esq.
Dean J. Caras & Associates
320 West Illinois Street
Suite 2216
Chicago, Illinois 60610


_Cara M. Houck_
Cara M. Houck

\4935934.1



### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

JAMES D. GRAVES,

                          Plaintiff,

          v.                                        Case No. 2007 L 012433

CONAGRA FOODS, INC.,

                          Defendant.

### NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

TO:     Clerk of Circuit Court of Cook County, Illinois
        County Department, Law Division
        Richard J. Daley Center
        Chicago, Illinois 60602

        PLEASE TAKE NOTICE that there was filed on the 14th day of December, 2007, with

the Clerk of the United States District Court for the Northern District of Illinois, Eastern

Division, Defendant ConAgra Foods, Inc.'s Notice of Removal of Civil Action, a true copy of

which is attached hereto and served upon all parties of record.

                                        CONAGRA FOODS, INC.


                                        By: _Cara M Houck_____
                                            One of its Attorneys

Cara M. Houck
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 Fax
chouck@mcguirewoods.com

## CERTIFICATE OF SERVICE ON COUNSEL
## AND FILING WITH THE STATE COURT

Cara M. Houck, an attorney, certifies that the foregoing Notice of Filing, together with

Defendant ConAgra Foods, Inc.'s Notice of Removal of the Civil Action, were served upon all

counsel of record and filed with the Clerk of the Circuit Court of Cook County, Illinois, County

Department, Law Division, on the 14th day of December, 2007.

_Cara M Houck_
Cara M. Houck

\4916053.1





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM HART, on behalf of himself and     )
others similarly situated,                 )
                                           )
              Plaintiff,                    )
                                           )
    vs.                                     )          1:07-cv-0395-JDT-WTL
                                           )
CONAGRA FOODS, INC.,                        )
                                           )
              Defendant.                    )

## ENTRY DENYING MOTION TO REMAND (DOC.#13)
## AND GRANTING MOTION TO STAY (DOC.#15)[1]

On February 16, 2007, Defendant, ConAgra Foods, Inc. ("ConAgra"), announced

that the peanut butter it manufactured at its Sylvester, Georgia plant, which bore a

product code beginning with 2111, had been affected by the Salmonellosis bacteria.

Consumers were told to destroy the peanut butter.  Plaintiff, William Hart, consumed

peanut butter that was manufactured by the Defendant, ConAgra, and subsequently

suffered gastrointestinal problems.  He filed suit in Indiana state court against ConAgra,

on behalf of himself and all others in Indiana similarly situated.  ConAgra removed the

lawsuit here based on diversity and the Class Action Fairness Act.  Hart has filed a

motion to remand the matter back to state court because there is an insufficient amount

of money at controversy to satisfy jurisdictional requirements.  ConAgra opposes that

motion and also has filed its own motion which asks the court to stay the matter to allow

---

[1] This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

the Judicial Panel on Multidistrict Litigation (the "Panel") to review the propriety of the
various transfer motions which have been filed in similar litigation across the country.
For the reasons discussed in this entry, this court finds no merit in either motion.

### Motion to Remand

Removal allows a defendant to have an action filed in a state court transferred to
the appropriate federal court if the action originally could have been filed there.[2]  28
U.S.C. § 1441(a); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004);
*Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). As
the party invoking the federal court's jurisdiction, the defendant bears the burden of
demonstrating that jurisdiction exists. *Chase*, 110 F.3d at 427.  Jurisdiction is
determined as of the moment of removal. *Matter of Shell Oil Co.*, 970 F.2d 355, 356
(7th Cir. 1992).

To remove a typical case to federal court based upon diversity jurisdiction, in
addition to demonstrating the diverse citizenship of the parties, a defendant must show
that the amount in controversy exceeds $75,000 exclusive of interest and costs.  28
U.S.C. § 1332(a).  Where, as here, the Plaintiff is seeking class certification, the
applicable statute requires Defendant demonstrate that "the matter in controversy
exceeds the sum or value of $5,000,000, exclusive of interest and costs ...." 28 U.S.C.
§ 1332(d)(2); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th

---

[2]  The court must be in the district and division embracing the place where the state
action was pending.  28 U.S.C. § 1441(a).

Cir. 2005). In many states, this is easy because the Defendant can place a price tag on the litigation by simply referring to the money demanded in good faith in the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). However, in states such as Indiana, which prohibit personal injury plaintiffs from listing a dollar figure in their complaints, *see* Ind. T.R. 8(A)(2), a defendant must establish the amount in controversy by other means.

The Seventh Circuit has stated that the party seeking removal is required to prove to "a reasonable probability" that jurisdiction exists. *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997). However, this rule does not mean that the defendant must establish, to a reasonable probability, what the plaintiff *will* collect. *Brill*, 427 F.3d at 448. Rather, the goal is to determine the cost or value of complying with the plaintiff's demands, from either party's perspective. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). In this sense, in its removal petition, the defendant is only providing an estimate of its exposure or potential maximum loss. Thus, to remove a case, a defendant need only state a basis for its estimate. It can fulfill this requirement by pointing to relevant contentions or admissions, settlement demands, by calculation of the complaint's allegations, or in any other number of ways that might be appropriate. *Id.* at 541-42.

Here, ConAgra contends that it has a good faith basis to believe that there is more than $5,000,000 at stake, or above $25,000 per class member (conservatively estimating a class of at least 200 based upon Hart's own allegation that the class of

-3-

plaintiffs will total in the hundreds), because in similar class action filings addressing the

same incident of contamination, which have been filed in other jurisdictions which allow

the mention of specific amounts in the prayer for damages, the damages averred

against it have been in excess of $25,000 per plaintiff. Further, ConAgra points to

damages well in excess of $25,000 which have been awarded in other Salmonella

poisoning cases, such as *Arbough v. Sweet Basil Bistro, Inc.*, 740 So.2d 186 (La. App.

1999), and numerous other unpublished decisions and settlements which can be found

in electronic form. *See, e.g., Knotts v. Black Forest Cakes & Pastries*, 2003 WL

23515016, JAS MI Ref. No. 406136WL (Mich. Cir. Ct. Dec. 30, 2003); *Pavalounis v.

L&B Spumoni Gardens*, 2002 WL 31887106 (N.Y. Sup. Ct. July 8, 2002).

Plaintiff contends that these other decisions are distinguishable and that the

Center for Disease Control has listed only sixteen incidents where Indiana victims who

ingested the peanut butter have reported serious symptoms. Hart also points out that

he has stated in his complaint that the total amount of damages at stake does not

exceed $5,000,000. The problem with Hart's argument is two-fold. Even if there are

only sixteen or even six serious incidents of poisoning encompassed in the class, there

is no way to be sure at this point that the amount at stake in those specific serious

cases are not enough to push the total amount in controversy to or past the $5,000,000

mark. *See Anonymous 32 Year Old Plaintiff v. Anonymous Restaurant*, 2002 WL

1870399, JAS VA Ref. No. 400028WL (Va. Cir. Ct. Feb. 2, 2002) (settlement of

$4,000,000 in Salmonella poisoning case which resulted in plaintiff suffering permanent

disability and also chronic depression). As for Hart's averment in his complaint that the

total amount at issue is not in excess of the required amount for federal jurisdiction, the same is of no moment unless it is made in the form of a stipulation or affidavit submitted at the time of the complaint's initial filing. *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1996). As Judge Sarah Evans Barker of this court has stated in the past, plaintiffs with claims below the jurisdictional minimum who wish to protect against removal "must demonstrate a certain prescience in anticipating this possibility and protecting themselves in advance by attaching an affidavit or stipulation to the complaint." *King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216 (S.D. Ind. 1996). With the ball in his court at the time he filed his complaint, Hart demonstrated no such prescience and, therefore, left himself unprotected against removal.

## Motion To Stay

ConAgra reports that there are at least 31 federal cases pending as a result of its recall of the tainted peanut butter, 21 of them putative class actions. All such actions contain similar allegations as advanced by Hart here. Four motions filed by various plaintiffs' counsel seek transfer of these cases to a single judicial district and ConAgra has joined in two of those transfer requests. It asks this court to stay all proceedings in this matter until such time as the pending transfer requests are reviewed by the Panel. A letter from the Panel Chairman, issued March 14, 2007, advises trial court judges with such cases before them that the Panel has received a motion to transfer all "ConAgra Peanut Butter Products Liability Litigation" and that after complete briefing, the motion will be considered at the next bimonthly Panel hearing session. The court also notes

that the conditional transfer order was issued by the Panel on July 17, 2007. Therefore,

a stay pending completion of the transfer is appropriate.

### Conclusion

Defendant, ConAgra, has met its burden of showing that an amount in excess of

$5,000,000 is "to a reasonable probability" in controversy in connection with this

putative class action. Accordingly, Plaintiff's Motion to Remand (Doc. #13) is **DENIED**

and Defendant's Motion to Stay Proceedings Pending Ruling on MDL (Doc. #15) is

**GRANTED**. This action is **STAYED** pending transfer to the multidistrict litigation in the

Northern District of Georgia.

ALL OF WHICH IS ENTERED this 7th day of August 2007.

John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William T. Lawrence

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD, LLP
vmiller@cohenandmalad.com

Stephen A. Oliver
BOREN OLIVER & COFFEY
steveoliver@boclawyers.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN, LLP
richm@gshllp.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DARREN AMBROZICH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| | ) |
| CONAGRA FOODS, INC., | ) 7:07-106 |
| | ) |
| Defendant. | ) |
| | ) **ORDER** |
| | ) |
| | ) |
| *** *** *** *** | |

This matter is before the Court on a Motion to Remand filed by the Plaintiff, Darren

Ambrozich ("Ambrozich") [R. 5] and a Motion to Stay filed by the Defendant, ConAgra Foods,

Inc. (""ConAgra"). Because it is not clear whether the jurisdictional amount is met and because

Ambrozich does not contest ConAgra's Motion for a Stay, this Court will stay all proceedings,

including any necessary discovery regarding the issue of damages, pending a determination by

the Judicial Panel on Multidistrict Litigation on the propriety of transfer and consolidation of this

case in the matter of MDL-1845, *In re ConAgra Peanut Butter Products Liability Litigation*.

## I.

## BACKGROUND

Ambrozich, a Kentucky citizen, brought this action against ConAgra, a Delaware

corporation with its principal place of business in Nebraska, in Magoffin Circuit Court on April

23, 2007. [R. 1 at 2 & ex. B at 3]. In his Complaint, Ambrozich alleges that he became violently

ill after eating peanut butter cookies made from ConAgra-produced Peter Pan peanut butter. [R. 1

ex. B at 4-8]. As a result of his being ill, he was weak for several days. [*Id.*]. He later learned that the Peter Pan peanut butter was contaminated with bacteria. [*Id.*].

ConAgra was served on April 24, and it removed the action to this Court on May 11. [R. 1 at 2]. Ambrozich now moves this Court to remand the action because the amount in controversy requirement is not met. [R. 5]. In his Complaint, Ambrozich stated that the damages would not exceed $74,999.99. [R. 1 ex. B at 10]. He has not, however, filed any stipulation or affidavit stating that she does not and will not seek damages in excess of this amount.

ConAgra has also notified this Court that this action may be consolidated with current multidistrict litigation proceedings, *In re ConAgra Peanut Butter Products Liability Litigation*, MDL-1845. [R. 4]. ConAgra asks this Court to stay its ruling on the Motion to remand, and Ambrozich does not contest ConAgra's Motion to Stay. Because the amount in controversy is not clear and because this issue might be similar to other cases consolidated in the multidistrict litigation, the Court will decline to rule on the Motion to Remand at this time and will instead enter a stay of all proceedings.

## II.

## DISCUSSION

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This court has original "diversity" jurisdiction of all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). In this case, the removal by Ambrozich was based on diversity jurisdiction under 28 U.S.C. § 1332, and

-2-

he bears the burden of proving that removal was proper and that it has met the diversity

jurisdiction requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)

(citations omitted).

A complaint's statement that the damages at issue are less than this Court's jurisdictional

amount is not conclusive for removal purposes. *See, e.g., Parnell v. State Farm Mut. Auto. Ins.

Co.*, 173 F.R.D. 446, 447 (W.D. Ky. 1997) (holding that because of Kentucky Rule 54.03(2), a

plaintiff may recover more damages than sought in the complaint); *see also Ambrozich v.

ConAgra Foods, Inc.*, 7:07-cv-00107-GFVT, Order Regarding Plaintiff's Motion to Remand

(2007) (explaining why *Rogers* is applicable to the type of situation present in this action).

Because Ambrozich is not bound by the limitation placed on his damages, this Court must ask

whether, at the time of removal, it was more likely than not that he met the jurisdictional

threshold. The answer to this question is unclear. He does not allege that he ever sought medical

attention for his illness, much less was he ever hospitalized. [*See* R. 1 ex. B]. He bases his claim

on one night's illness, several days of weakness, and unspecific and speculative ongoing

gastrointestinal illness. [*Id.*]. It is not clear without further inquiry and discovery how

Ambrozich could recover $75,000.00.

Normally, the Court would allow limited discovery on the nature of the damages.

However, this action is in a slightly different posture than most. Currently, it awaits the

Multidistrict Litigation Panel's ruling on whether to transfer this action to an ongoing

multidistrict action, *In re ConAgra Peanut Butter Products Liability Litigation*, MDL-1845. [R.

4]. Damages issues may very well be applicable to other cases within the consolidated action.

As a result, the question of whether damages are sufficient in this action · an action in which the

-3-

damages threshold is not clearly met—is best reserved for a later time. Therefore, in the interest of efficiency and economy, all proceedings in this action should be stayed pending the Panel's decision on whether to consolidate this case with MDL-1845.

### III.

### CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, it is hereby **ORDERED** as follows:

1.      that the Defendant's Motion for a Stay of all Proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation [R. 4] is **GRANTED**; and

2.      that, other than those inspections mutually agreed upon by the parties, this matter is **STAYED** pending a decision by the Judicial Panel on Multidistrict Litigation.

This the 2nd day of August, 2007.



**Signed By:**

**_Gregory F. Van Tatenhove_**

**United States District Judge**

-4-



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

WENDY L. MAURO,                                              PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:07CV104-P-A

CONAGRA FOODS, INC.,                                         DEFENDANT.

### ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [9]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

For substantially the same reasons discussed in this court's ruling in *Holmes v. Citifinancial Mortgage Company, Inc.*, 436 F.Supp.2d 829 (N.D.Miss.2006), the court finds that the instant motion to remand is not well-taken and should be denied. Although the Complaint explicitly limits the damages sought to $74,900.00, the defendant has met their burden in demonstrating by a preponderance of the evidence – *i.e.*, more likely than not – that the actual amount in controversy is in excess of $75,000.00 and the plaintiff has not rebutted that showing by demonstrating that it is legally certain the plaintiff is limited to recovering less than $75,000.00. The plaintiff herself did not file an affidavit limiting herself to less than $75,000.00 in damages, nor did she file an affidavit preventing her from filing an amended complaint seeking more than $75,000.00 in the event this case were remanded. It is undisputed that Mississippi law allows a plaintiff to amend her complaint after removal from federal court and to recover damages in excess of the amount contained in her complaint's *ad damnum* clause. Furthermore, the plaintiff explicitly seeks punitive damages and uses language indicating serious injuries that more often than not would result in damages in excess of $75,000.00 in Mississippi, including her claims to have "suffered extreme physical injury, emotional

1

distress, [and] economic losses ...."

     **IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand

[9] is **DENIED**.

     **SO ORDERED** this the 10th day of August, A.D., 2007.

                    /s/ W. Allen Pepper, Jr.
                    W. ALLEN PEPPER, JR.
                    UNITED STATES DISTRICT JUDGE

2

EXHIBIT

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDA BAKER,

   Plaintiff,

     v.

CONAGRA FOODS, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:07-CV-1313-TWT

IN RE: CONAGRA PEANUT
BUTTER PRODUCTS LIABILITY
LITIGATION

MDL DOCKET NO. 1845
  ALL CASES

1:07-MD-1845-TWT

## ORDER

This is a personal injury action. It is before the Court on the Plaintiff's Motion

to Remand [Doc. 5]. At the time of removal, it was more likely than not that the

Plaintiff's claim equaled or exceeded the jurisdictional amount. The case was

properly removed by the Defendant.

SO ORDERED, this 20 day of August, 2007.

         /s/Thomas W. Thrash
         THOMAS W. THRASH, JR.
         United States District Judge

T:\ORDERS\07\ConAgra\07cv1313\remand.wpd

EXHIBIT
4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STRINGER, SANDY LANDERS,
THOMAS HICKS, EVORA EDWARDS,
NICOLE SPIVEY, DIANE SPIVEY,
ISIAH WALLACE, DAVID REMILONG,
T.D., by next friend JOCQUEL WOODRIDGE,
KIM CUSHARD, J.C. by next friend KIM
CUSHARD, S.C. by next friend KIM CUSHARD,
MARIA CUNNINGHAM, C.C. by next friend
MARIA CUNNINGHAM, E.C. by next friend
MARIA CUNNINGHAM, H.C. by next friend
MARIA CUNNINGHAM, MARJORIE GREENE,
ROBERT GREENE, and JENNIFER MONETTE,

               Plaintiffs,

                                   Case No. 07-12028
v.                                Honorable David M. Lawson

CONAGRA FOODS, INC.,

               Defendant.
_____/

## ORDER DENYING MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART MOTION TO STAY

      This matter is before the Court on the defendant's motion to stay proceedings and the

plaintiffs' motion to remand. The Court heard oral argument on the motions in open court on

September 11, 2007. After considering the parties' arguments, the Court announced its decision

from the bench.

      Accordingly, it is **ORDERED** that the plaintiffs' motion to remand [dkt # 4] is **DENIED** for

the reasons stated on the record.

      It is further **ORDERED** that the defendant's motion to stay proceedings [dkt # 3] is

**GRANTED IN PART** and **DENIED IN PART** for the reasons stated on the record.

      It is further **ORDERED** that this action is **STAYED** until further order of the Court for the

reasons stated on the record.  Counsel for the parties shall inform the Court of the MDL panel's

decision and, if appropriate, may file a motion to lift the stay thereafter.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 12, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on September 12, 2007.

s/Felicia M. Moses
FELICIA M. MOSES

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served via first-class

United States mail, postage prepaid, this 14th day of December, 2007, upon the following:

> Dean J. Caras, Esq.
> Dean J. Caras & Associates
> 320 West Illinois Street
> Suite 2216
> Chicago, Illinois 60610

_Cara M. Houck_

Cara M. Houck